Ronald E. Manthey (admitted *pro hac vice*)
Ellen L. Perlioni (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
(214) 466-4000
ellen.perlioni@morganlewis.com
ron.manthey@morganlewis.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Andrea Susan Twitchell,<br><br>  Plaintiff,<br><br>vs.<br><br>American Airlines Retirement Benefit Program; Plan Administrator of the American Airlines, Inc. Pilot Retirement Benefit Program; American Airlines, Inc.,<br><br>  Defendants. | No. CV-11-00509-TUC-FRZ<br><br>**DEFENDANTS' FIRST AMENDED ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendants American Airlines, Inc. ("American"), American Airlines Retirement Benefit Program (the "Plan") and the Pension Benefits Administration Committee (the "PBAC," collectively "Defendants"), by and through their counsel, respectfully submit their First Amended Answer, Affirmative and Other Defenses to Plaintiff's Complaint as follows:

*I.  DEFENDANTS' FIRST AMENDED ANSWER*

Defendants respond to the correspondingly numbered and entitled paragraphs in Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

1. Defendants admit that this Court has subject-matter jurisdiction over the types of claims and allegations in Plaintiff's Complaint. Defendants deny engaging in

any unlawful conduct that would give rise to any of the causes of action alleged in Plaintiff's Complaint.

2. Defendants deny that the Plan is administered in this District. Defendants do not dispute that venue is proper in this judicial district. Defendants deny that any purported breach took place in this District and deny any violation of ERISA in this District, or elsewhere.

3. Defendants are without knowledge or information to admit or deny whether Plaintiff is currently a resident in Tucson, Arizona. Defendants admit that Plaintiff was a participant in the Plan.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit that the PBAC is a fiduciary of the Plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, but only to the extent of its delegated duties and its designated authority as stated in the Plan.

6. Defendants admit that American is the Plan Sponsor and Administrator of the Plan as defined in ERISA. Defendants object to paragraph 6 to the extent the allegations pertain to "all other American Airlines benefit plans and programs" as overly broad, vague, ambiguous and irrelevant, and Defendants therefore deny these allegations.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants admit the allegations in paragraph 9.

10. Defendants admit that Plaintiff was employed as a pilot for American until approximately June 2002 and admit that she applied for disability benefits later that year and represented that she had become disabled and unable to work as a pilot. Defendants deny all remaining allegations in paragraph 10.

11. Defendants admit that Plaintiff applied for disability benefits and represented that she had become disabled as of June 2002, describing various physical problems. Defendants deny all remaining allegations in paragraph 11.

12. Defendants admit that Plaintiff's treating physicians submitted documents. The allegations contained in paragraph 12 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations. Defendants deny all remaining allegations in the paragraph.

13. Defendants admit that Plaintiff represented that certain physical problems had rendered her unable to continue working as a pilot. Defendants deny all remaining allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16.

17. Defendants admit that American requested periodic documentation from Plaintiff's physicians regarding her medical condition and treatment, and admit that disability benefits under the Plan were continued for a period of time. Defendants deny all remaining allegations in paragraph 17.

18. Defendants admit that Plaintiff submitted documentation from various physicians at various times during the period that she was approved for benefits under the Plan. Defendants deny all remaining allegations in paragraph 18.

19. Defendants admit that Plaintiff submitted documentation from various physicians during the period of time that she was approved for benefits under the Plan. The allegations contained in paragraph 19 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations.

20. Defendants deny the allegations in paragraph 20.

21. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 21 regarding "her treating physicians' recommended treatment" and they are, therefore, denied. Defendants deny all remaining allegations in paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, therefore, the allegations are denied.

23. Defendants admit that Plaintiff was determined to be eligible for benefits under the terms of the Plan and that those benefits continued for more than four years. Defendants deny all remaining allegations in paragraph 23.

24. Defendants admit that Plaintiff was approved for social security disability benefits. The remaining allegations in paragraph 24 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations.

25. Defendants admit that on or about September 5, 2007, Plaintiff's benefits were terminated based on a determination that she no longer qualified for continuing benefits under the terms of the Plan. Defendants admit that Plaintiff was not medically examined in person by an independent physician. Defendants deny all remaining allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. The allegations contained in paragraph 28 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations.

29. Defendants deny the allegation in paragraph 29.

30. The allegations contained in paragraph 30 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore,

Defendants deny these allegations.  Defendants deny all remaining allegations in the paragraph.

31. The allegations contained in paragraph 31 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations.  Defendants deny all remaining allegations in the paragraph.

32. Defendants deny the allegations in paragraph 32, and deny any violation of ERISA.

33. Defendants admit that the individual reviewing Plaintiff's claim never medically examined her in person.  Defendants deny all remaining allegations in paragraph 33.

34. Defendants admit the allegations in paragraph 34.

35. Defendants admit that Plaintiff submitted records with her appeal. Defendants deny all remaining allegations in paragraph 35.

36. The allegations contained in paragraph 36 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations.  Defendants deny all remaining allegations in the paragraph.

37. The allegations contained in paragraph 37 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations.  Defendants deny all remaining allegations in the paragraph.

38. The allegations contained in paragraph 38 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations.  Defendants deny all remaining allegations in the paragraph.

39. The allegations contained in paragraph 39 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations. Defendants deny all remaining allegations in the paragraph.

40. The allegations contained in paragraph 40 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations. Defendants deny all remaining allegations in the paragraph.

41. Defendants deny the allegations in paragraph 41, and deny any violation of ERISA.

42. Defendants admit that Plaintiff's appeal was denied by letter dated September 9, 2008. Defendants state that the referenced documents speak for themselves. Defendants deny any remaining allegations in paragraph 42.

43. Defendants admit that none of the individual's reviewing Plaintiff's appeal ever medically examined her in person. Defendants deny all remaining allegations in paragraph 43.

44. Defendants object to paragraph 44 as irrelevant to the terms of the Plan, as well as vague and ambiguous, and therefore denied.

45. The allegations contained in paragraph 45 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations. Defendants deny all remaining allegations in the paragraph.

46. Defendants deny the allegations in paragraph 46 and state that the Plan speaks for itself.

47. The allegations contained in paragraph 47 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore,

Defendants deny these allegations. Defendants deny all remaining allegations in the paragraph.

48. The allegations contained in paragraph 48 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations. Defendants deny all remaining allegations in the paragraph.

49. The allegations contained in paragraph 49 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations. Defendants deny all remaining allegations in the paragraph, except that Defendants admit that the appeal was denied.

50. The allegations contained in paragraph 50 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations.

51. Defendants state that reference to a legal conclusion in an unrelated case is irrelevant and not a factual averment to be admitted or denied. Defendants object to paragraph 51 as irrelevant and a legal conclusion.

52. Defendants state that reference to a legal conclusion in an unrelated case is irrelevant and not a factual averment to be admitted or denied. Defendants object to paragraph 52 as irrelevant and a legal conclusion.

53. Defendants deny paragraph 53.

54. Defendants state that reference to a legal conclusion in an unrelated case is irrelevant and not a factual averment to be admitted or denied. Defendants object to paragraph 54 as irrelevant and a legal conclusion. Defendants deny any factual allegation in paragraph 54.

55. Defendants deny the allegations in paragraph 55 any deny undertaking any unlawful conduct.

56. The allegations contained in paragraph 56 of the Complaint purport to characterize part of written documents that speak for themselves and include legal conclusions, therefore Defendants deny these allegations.

57. Defendants deny the allegations in paragraph 57, deny any violation of ERISA and deny any legal conclusions regarding ERISA and related regulations.

58. The allegations contained in paragraph 58 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations. Defendants deny all remaining allegations in the paragraph.

59. Defendants admit that Plaintiff requested documents by letter dated May 5, 2011. Defendants deny all remaining allegations in the paragraph.

60. Defendants admit that Plaintiff was provided the administrative record regarding her claim, but deny any remaining allegations in paragraph 60.

61. The allegations contained in paragraph 61 of the Complaint purport to characterize part of a written document that speaks for itself and, therefore, Defendants deny these allegations.

62. Defendants deny the allegations in paragraph 62 and deny any violation of ERISA.

63. Defendants admit the allegations in paragraph 63.

64. Defendants object to paragraph 64 as irrelevant, particularly as alleged against the Plan and PBAC, and therefore deny these allegations.

## **CLASS ALLEGATIONS**

By Order dated July 30, 2012 (dkt. no. 26), all class action allegations in Paragraphs 65-78 have been dismissed with prejudice. As such, Paragraphs 65-78 need no response and are denied.

### Count I
### FOR BREACH OF CONTRACT AND RECOVERY OF BENEFITS AND ENFORCEMENT OF RIGHTS PURSUANT TO SECTION 502(a)(1)(B) OF ERISA[1]

Defendants repeat and incorporate by reference each of their responses to paragraphs 1 through 64 of the Complaint with the same force and effect as if fully set forth herein, and further state:

79. Paragraph 79 recites a statutory provision of ERISA that speaks for itself.

80. Defendants deny paragraph 80 and deny any violation of law.

81. Defendants deny paragraph 81, deny any violation of law, and deny that Plaintiff is entitled to any relief.

82. Defendants deny paragraph 82, deny any violation of law, deny that Plaintiff is entitled to any relief, and deny that the relief Plaintiff seeks is available under ERISA.

### Count II
### TO REDRESS DEFENDANTS' SYSTEMATIC VIOLATION OF THE TERMS OF THE PLAN PURSUANT TO SECTIONS 502(a)(1)(B) AND (a)(3) OF ERISA

Defendants repeat and incorporate by reference each of their responses to the foregoing paragraphs with the same force and effect as if fully set forth herein, and further state:

By Order dated July 30, 2012 (dkt. no. 26), Count II has been dismissed with prejudice. As such, Paragraphs 83-86 need no response and are denied.

---

[1] Headings from Plaintiff's Complaint are used for ease of reference only. Defendants deny any violation of law as suggested in the headings.

### Count III
### TO REDRESS DEFENDANTS' BREACHES OF FIDUCIARY DUTY PURSUANT TO SECTION 502(a)(3) OF ERISA

Defendants repeat and incorporate by reference each of their responses to the foregoing paragraphs with the same force and effect as if fully set forth herein, and further state:

87. Paragraph 87 recites a statutory provision of ERISA that speaks for itself.

88. Defendants deny paragraph 88 and deny any violation of law.

89. Defendants deny paragraph 89, deny any violation of law, and deny that Plaintiff is entitled to any relief.

90. Defendants deny paragraph 90, deny any violation of law, deny that Plaintiff is entitled to any relief, and deny that the relief Plaintiff seeks is available under ERISA.

### Count IV
### FOR VIOLATION OF ERISA'S CLAIMS PROCEDURE AND DISCLOSURE REQUIREMENTS

Defendants repeat and incorporate by reference each of their responses to the foregoing paragraphs with the same force and effect as if fully set forth herein, and further state:

91. Paragraph 91 recites a statutory provision of ERISA that speaks for itself.

92. Paragraph 92 recites a statutory provision of ERISA that speaks for itself, and contains legal conclusions that need not be admitted or denied.

93. Paragraph 93 recites a statutory provision of ERISA that speaks for itself.

94. Defendants deny paragraph 94, deny any violation of law, and deny that Plaintiff is entitled to any relief.

95. Defendants deny paragraph 95, deny any violation of law, and deny that Plaintiff is entitled to any relief.

Defendants deny that Plaintiff is entitled to any relief sought in this matter, including any of the relief requested in the WHEREFORE paragraph following Paragraph No. 95 in the Complaint.

## II.  DEFENDANTS' GENERAL DENIAL

Defendants deny each and every allegation contained in the Complaint not specifically admitted herein.

## III.  AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.
2. American and the PBAC have discretion to interpret the Plan, to make eligibility determinations under the Plan, and to make any and all factual determinations under the Plan. Their determinations under the Plan are entitled to deference.
3. The decision to reject Plaintiff's claim for benefits should be reviewed under the abuse of discretion/arbitrary and capricious standard, and the Court's review should be limited to examination of the administrative record created during the processing of Plaintiff's claim under the Plan.
4. During Plaintiff's appeal, independent medical evaluators determined that Plaintiff was no longer disabled pursuant to the terms of the Plan. That finding is binding pursuant to Supplement F.
5. Plaintiff fails to state a claim under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), because the relief sought is not equitable in nature and this claim is duplicative of her claim for benefits and not available.
6. Defendant has performed all obligations required by the Plan. Plaintiff is not entitled to any further payment pursuant to the Plan and the payment of any

further amount, as demanded by the Plaintiff, would amount to a windfall and unjust enrichment.

7. Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrine of waiver because of Plaintiff's own conduct, acts, and/or omissions.
8. Plaintiff's own conduct, acts, and/or omissions caused American to discontinue her benefits, so she is entitled to no relief.
9. To the extent Plaintiff's purported health was restored during the time she received benefits, the Plan is entitled to the return of benefits paid.
10. Defendants fulfilled all obligations under the terms of the Plan, thereby precluding Plaintiff from obtaining any of her requested relief.
11. The decision regarding Plaintiff's claim for disability was based on substantial evidence and did not constitute an abuse of discretion, and Plaintiff is therefore not entitled to recovery of benefits from the Plan.
12. To the extent that Plaintiff seeks consequential, compensatory, or punitive damages or post-judgment relief, Plaintiff fails to seek relief available under ERISA.
13. Plaintiff's claims for monetary or equitable relief may be reduced or entirely barred by Plaintiff's failure to mitigate.
14. Plaintiff's claims for monetary or equitable relief may be reduced or entirely barred by the doctrine of estoppel.
15. Defendant is entitled to attorney's fees under ERISA § 502(g), 29 U.S.C. § 1132(g).

### III.  RESERVATION OF RIGHTS

Defendants reserve the right to assert such additional defenses that may appear and prove applicable through the course of this litigation.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in their favor on Plaintiff's claims, that the Complaint be dismissed with prejudice, and that Defendants be awarded their costs and fees.

DATED this 19thday of February, 2014.

        Ronald E. Manthey (admitted *pro hac vice*)
        Ellen L. Perlioni (admitted *pro hac vice*)
        MORGAN, LEWIS & BOCKIUS LLP
        1717 Main Street, Suite 3200
        Dallas, Texas  75201-7347

        Attorneys for Defendants

By   s/*Ellen L. Perlioni*
      Ellen L. Perlioni

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2014, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

Upon receipt of the Notice of Electronic Filing, a copy of the attached document and Notice of Electronic Filing will be mailed to the Honorable Frank R. Zapata.

        s/*Ellen L. Perlioni*

DB1/ 77816854.1